**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ida Lord, Appellant,

v.

D&J Enterprises, Inc. d/b/a Cash on the Spot,
Respondent.

Appellate Case No. 2015-002361

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-119
Submitted February 1, 2018 – Filed March 21, 2018

———————

**AFFIRMED**

———————

Robert J. Reeves, of Law Offices of Robert J. Reeves,
P.C., of Fort Mill, and Arthur Kerr Aiken, of Aiken &
Hightower, of Columbia, for Appellant.

Leland B. Greeley, of Leland B. Greeley, PA, of Rock
Hill, for Respondent.

———————

**PER CURIAM:** Ida Lord appeals a circuit court order granting D&J Enterprises'
motion for a directed verdict on Lord's negligence action. On appeal, Lord argues
the circuit court erred in (1) excluding the testimony of her expert because he was

better qualified than the average juror and provided reliable testimony and (2) granting D&J's motion for a directed verdict because the decision was based on a lack of evidence of breach of duty, which Lord claims her expert would have provided.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court properly refused to qualify Lord's expert and excluded his testimony: *Pope v. Heritage Cmtys., Inc.*, 395 S.C. 404, 423, 717 S.E.2d 765, 775 (Ct. App. 2011) ("The qualification of an expert witness and the admissibility of his or her opinion are matters within the sound discretion of the [circuit] court and will not be disturbed on appeal absent an abuse of that discretion and a showing of prejudice."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) ("The admission of expert testimony is governed by Rule 702, SCRE, which provides: 'If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.'"); *Pope*, 395 S.C. at 424, 717 S.E.2d at 775 ("Rule 702[, SCRE,] applies to both scientific and nonscientific evidence."); *id.* ("[W]hether an expert's testimony is scientific or nonscientific, the [circuit] court has a gatekeeping role with respect to all evidence sought to be admitted under Rule 702[, SCRE]."); *Watson*, 389 S.C. at 446, 699 S.E.2d at 175 ("[I]n executing its gatekeeping duties, the [circuit] court must make three key preliminary findings which are fundamental to Rule 702[, SCRE,] before the jury may consider expert testimony.  First, the [circuit] court must find that the subject matter is beyond the ordinary knowledge of the jury, thus requiring an expert to explain the matter to the jury.  Next, while the expert need not be a specialist in the particular branch of the field, the [circuit] court must find that the proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter. Finally, the [circuit] court must evaluate the substance of the testimony and determine whether it is reliable." (citations omitted)); *Graves v. CAS Med. Sys., Inc.*, 401 S.C. 63, 75, 735 S.E.2d 650, 656 (2012) ("[T]his evidence must be evaluated on an ad hoc basis.").

2. As to whether the circuit court properly granted D&J's motion for a directed verdict: Rule 50(a), SCRCP ("When upon a trial the case presents only questions of law the [circuit court] may direct a verdict."); *Chakrabarti v. City of Orangeburg*, 403 S.C. 308, 313, 743 S.E.2d 109, 112 (Ct. App. 2013) ("A directed verdict motion is properly granted if the evidence as a whole is susceptible of only one reasonable inference."); *Erickson v. Jones St. Publishers, LLC.*, 368 S.C. 444,

463, 629 S.E.2d 653, 663 (2006) ("The appellate court must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor."); *Lord v. D & J Enters., Inc.*, 407 S.C. 544, 558, 757 S.E.2d 695, 702 (2014) ("To prevail on a negligence claim, a plaintiff must establish duty, breach, causation, and damages."); *Summers v. Harrison Constr.*, 298 S.C. 451, 455, 381 S.E.2d 493, 495 (Ct. App. 1989) ("If any of these elements is absent a negligence claim is not stated."); *Snow v. City of Columbia*, 305 S.C. 544, 555 n.7, 409 S.E.2d 797, 803 n.7 (Ct. App. 1991) ("In an action for negligence, the plaintiff must prove by direct or circumstantial evidence that the defendant did not exercise reasonable care."); *Bass v. Gopal, Inc.*, 395 S.C. 129, 135, 716 S.E.2d 910, 913 (2011) ("[A] business owner has a duty to take reasonable action to protect its invitees against the *foreseeable* risk of physical harm."); *id.* at 141, 716 S.E.2d at 917 ("[I]t is difficult to imagine an instance where a business would be required to employ costly security guards in the absence of evidence of prior crimes on the premises.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.